## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

————————————————————————————————————

JOSEPH WARN, JR.,

                         Plaintiff,

         -against-

HERKIMER COUNTY; MICHAEL SCALISE both
individually and in his official capacity as Director of
the Herkimer County Probation Department; BIANCA
CASTELLANO both individually and in her official
capacity,

                   Defendants


Case No. 6:25-cv-00543
(ECC/ML)

————————————————————————————————————————

### MEMORANDUM OF LAW IN OPPOSITION

### TO DEFENDANTS' MOTION TO DISMISS

————————————————————————————————————————


Malcolm Kim, Esq.
M.S. Kim Law
Attorney for the Plaintiff
2269 Lyell Avenue, Suite 103 #1074 (mail only)
Rochester, NY 14606
mal@mskimlaw.com

i

# Table of Contents

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT.................................................................................................................... 1

I.A. Plaintiff has Plausibly Alleged Federal Claims Under the ADA and Rehabilitation

Act ................................................................................................................................. 1

Plaintiff is a Qualified Individual With a Disability...................................................... 2

Plaintiff Was Denied Opportunity to Participate in or Benefit From Services and/or

Otherwise Discriminated Against.................................................................................. 4

I.B. Plaintiff has Plausibly Alleged Retaliation ............................................................. 7

I.C. ADA and Rehabilitation Act Claims Against the Individual Defendants Are

Actionable ..................................................................................................................... 8

I.D. Plaintiff's ADA and Rehabilitation Act Claims Are Not Time-Barred .................. 9

II. Some Courts Recognize State Law Claims Against Individual Defendants............. 11

CONCLUSION ............................................................................................................. 12

## Cases Cited

Alexander v. Choate, 469 U.S. 287 (1985)....................................................................... 4

Alston v. Dist. of Columbia, 561 F. Supp. 2d 29 (D.D.C. 2008)...................................... 9

Bloom v. New York City Bd. of Educ., 2003 U.S. Dist. LEXIS 5290 (S.D.N.Y. April 2, 2003) 10

Celeste v. E. Meadow Union Free Sch. Dist., 373 Fed. App'x 85 (2d Cir. 2010) ......................... 5

Chin v. Port Auth. of New York & New Jersey, 685 F.3d 135 (2d Cir. 2012) ......................... 11

Cornwell v. Robinson, 23 F.3d 694 (2d Cir. 1994) ...................................................... 10

Datto v. Harrison, 664 F. Supp. 2d 472 (E.D. Pa. 2009) .............................................. 9

Dean v. Univ. at Buffalo Sch. of Med., 2015 U.S. App. LEXIS 17539 (2d Cir. 2015) ............. 4, 5

Dodd v. City Univ. of N.Y., 489 F. Supp. 3d 219 (S.D.N.Y. 2020)....................................... 8

Fair Hous. Justice Ctr. Inc. v. Lighthouse Living LLC, 2021 U.S. Dist. LEXIS 181505 (S.D.N.Y. September 20, 2021) .............................................................................. 10

Glenn v. Davis Sch. Dist., 2019 U.S. Dist. LEXIS 1842878 (D. Utah Oct. 23, 2019).................. 9

Gomes v. Avco Corp., 964 F.2d 1330 (2d Cir. 1992)..................................................... 9

Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cnty., 252 F.3d 545 (2d Cir. 2001). 7

Griffin v Sirva, Inc., 29 N.Y.3d 174 (May 4, 2017) ..................................................... 12

Griffin v. Sirva Inc., 858 F.3d 69 (2d Cir. 2017)........................................................ 12

Henrietta D. v. Bloomberg, 331 F.3d 261 (2d Cir. 2003)............................................... 4

Hogan v. Fischer, 738 F.3d 509 (2d Cir. 2013) ........................................................ 9

Jaghory v. New York State Dep't of Educ., 131 F.3d 326 (2d Cir. 1997).............................. 10

Linell v. New York City Dep't of Educ., 2017 U.S. Dist. LEXIS 30534 (E.D.N.Y. Mar. 3, 2017) .............................................................................................. 11

Matagrano v. N.Y. State Dep't of Corr. & Cmty. Supervision, 2020 U.S. Dist. LEXIS 234149

   (N.D.N.Y. Dec. 14, 2020) ......................................................................... 5, 6

Matthews v. CSX Transp., Inc., 2018 U.S. Dist. LEXIS 178311 (N.D.N.Y. October 17, 2018)... 7

McFadden v. Noeth, 827 F. App'x 20 (2d Cir. 2020) ...................................................... 4

McKeever v. Singas, 2022 U.S. Dist. LEXIS 161490 (E.D.N.Y. Sept. 7, 2022) ........................ 11

Minkley v. Eureka City Sch., 2017 U.S. Dist. LEXIS 161338 (N.D. Cal. Sept. 29, 2017)............ 9

Noel v. N.Y.C. Taxi and Limousine Comm'n, 687 F.3d 63 (2d Cir. 2012) ................................... 4

Rentas v. Ruffin, 816 F.3d 214 (2d Cir. 2016) ............................................................ 11

Ruggiero v. Phillips, 292 A.D.2d 41 (4th Dep't 2002) .................................................... 11

Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) .......................................... 10

Shotz v. City of Plantation, 344 F.3d 1161 (11th Cir. 2003) .......................................... 8

Spiegel v. Schulmann, 604 F.3d 72 (2d Cir. 2010).......................................................... 8

Toussaint v. City of New York, 2020 U.S. Dist. LEXIS 123813 (S.D.N.Y. July 14, 2020)........ 10

Treglia v. Town of Manlius, 313 F.3d 713 (2d Cir. 2002) ............................................. 8

Tsombanidis v. West Haven Fire Dep't, 352 F.3d 565 (2d Cir. 2003) ........................................ 4

Tulino v. City of New York, 2016 U.S. Dist. LEXIS 66012 (S.D.N.Y. May 19, 2016).............. 11

## PRELIMINARY STATEMENT

Plaintiff Joseph Warn Jr., represented by Malcolm Kim, Esq. of M.S. Kim Law, now submits this Memorandum of Law in opposition to Defendants' Rule 12(b)(6) motion to dismiss ("MTD") for failure to state a claim.

Earlier today, Mr. Warn filed a First Amended Complaint. Per FRCP 15(a)(1)(B), a plaintiff may amend their complaint once as a matter of course within 21 days from service of a defendant's Rule 12(b) motion to dismiss. The First Amended Complaint ("FAC") has not removed or reordered any language or paragraphs, but has added information printed in **bold** for clarity. Attached to the FAC are four additional exhibits that were either previously unavailable or previously omitted for the sake of brevity, but are now included in light of Defendants' position in their motion to dismiss; Exhibit 1 also now includes the full entry for the treatment notes that were previously excerpted.

Mr. Warn's position, in short, is that he has plausibly alleged federal discrimination and retaliation claims under the Americans with Disabilities Act ("ADA") and Rehabilitation Act. Dismissing individual capacity claims for retaliation is not required here because this case is not in the employment context. Allegations about discriminatory treatment preceding May 2, 2022 may have accrued after that date, are not time barred under the continuing violation doctrine or equitable tolling, and are at any rate relevant background to the adverse actions taken after May 2. It is also not clear that the limitations of County Law § 52 apply to all claims here.

## ARGUMENT

### I.A. Plaintiff has Plausibly Alleged Federal Claims Under the ADA and Rehabilitation Act

We repeat here for reference the standard that Defendant correctly identified: "In order to prevail on a claim under either Title II of the ADA or § 504 of the RA, Plaintiff "must show that

1

1) he is a qualified individual with a disability; 2) [the defendant] is an entity subject to the acts; and 3) he was denied the opportunity to participate in or benefit from [the defendant's] services, programs, or activities [or that the defendant] otherwise discriminated against him by reason of his disability." Dkt. No. 9 (Defendants' Memorandum of Law in Support of Motion to Dismiss) at 3-4.

### Plaintiff is a Qualified Individual With a Disability

Defendant describes Mr. Warn's allegations regarding his qualifying disabilities as "conclusory" and that they "do not state any facts whatsoever to suggest that he was limited in one or more major life activities". To the contrary, Mr. Warn has pled many specific and concrete facts that Defendant's motion to dismiss does not consider. For example, FAC ¶¶ 13 and 52 reference attached records of his impairment related to back pain. Substantial limitations to life activities such as walking and climbing stairs are described at FAC ¶¶ 22, 24-25, 27-30, 33-36, 40-41, 55, 59-61, 63, and 66-68. Defendants' motion to dismiss does not acknowledge Mr. Warn's mental health-related disabilities and their effects described at FAC ¶¶ 12, 20, 44, 47, and 55.

In Mr. Warn's June 2023 consultation with The Albany and Saratoga Centers for Pain Management, Dr. Dooley corroborates that "[h]is pain is a result of an injury at work from 12/31/2021" and that he "stopped work and was basically dealing with the pain." Dr. Dooley states that "[a]ll of [Mr. Warn's] [activities of daily living] are affected by the pain" and assesses his Oswestry Disability index score as 62%. Exhibit 1 at 1. This document reflects that "symptoms are constant", and include pain described as "burning, stabbing, sharp, throbbing, shooting, aching, pressure" and on this day an 8 out of 10. Further, Dr. Dooley notes that "[Mr. Warn] sometimes also loses feeling in his entire left leg" for about 20 minutes, and that coughing

2

can exacerbate the pain. Dr. Dooley also describes how Mr. Warn was unable to obtain medical treatment for months because he did not have private insurance and his previous employer was contesting his eligibility for workers' compensation insurance given that he "wasn't on the books". Id.

Now attached to the First Amended Complaint are further exhibits that contemporaneously document Mr. Warn's qualifying disabilities. Exhibit 3 includes a provider note from 12/31/2022 that discusses his "acute onset of back pain" in relation to injury, and symptoms. Exhibit 3 also includes notes from November 2022 that observe that the "back pain is now a chronic condition" and assess him as having a decreased range of motion, strength, and flexibility, posture, balance, and overall functional ability. Id. at 2, 5. Exhibit 4, an after visit summary dated 12/31/21, notes the lab tests and medications given at that appointment as well as a diagnosis of sciatica. Exhibit 6, Mohawk Valley Orthopedics Notes from 11/16/2022, assesses symptoms and finds "marked" impairments limiting him to sedentary work. Exhibit 5, a progress note from Mosaic Health dated 2/2/2022, includes depression and anxiety screenings showing severe levels of both, "extensive history of mental health issues including depression, anxiety, bipolar disorder, PTSD, and ADHD", and also describes his back pain symptoms.

Defendants argue that Mr. Warn walking in January 2022 over seven miles to his probation check-in is evidence that he had no movement-related substantial limitation. This ignores the specific allegations that Mr. Warn felt forced to make these trips because his requests for reasonable accommodations were denied and/or ignored, and that walking in this way was quite painful (both at the time and for days after), dangerous, and stressful. See, e.g., FAC ¶¶ 34-36. It is worth noting that Mr. Warn was actually not able to make it to some of these in-person check-ins, and that was written up as a violation of his probation terms. FAC ¶ 55.

3

**Plaintiff Was Denied Opportunity to Participate in or Benefit From Services and/or**

**Otherwise Discriminated Against**

The other contested element of Mr. Warn's ADA and Rehabilitation Act claims is whether he was denied the opportunity to participate in or benefit from services, programs, or activities or otherwise discriminated against by reason of disability. This element can be shown in multiple ways, including that the Defendants have refused the plaintiff a reasonable accommodation that will enable him to benefit from programs and services in a reasonable manner. Dean v. Univ. at Buffalo Sch. of Med., 2015 U.S. App. LEXIS 17539, at 23 (2d Cir. 2015). "Discrimination under the third prong can include 'failure to make a reasonable accommodation' for the inmate." McFadden v. Noeth, 827 F. App'x 20, 28 (2d Cir. 2020) (quoting Tsombanidis v. West Haven Fire Dep't, 352 F.3d 565, 573 (2d Cir. 2003)).

"As a remedial statute, the ADA must be broadly construed to effectuate its purpose of providing a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." Noel v. N.Y.C. Taxi and Limousine Comm'n, 687 F.3d 63, 68 (2d Cir. 2012). The ADA defines "discriminate" as, inter alia, "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless [the provider of the service] can demonstrate that the accommodation would impose an undue hardship on" its operations. 42 U.S.C. § 12112(b)(5)(A). Under the Rehabilitation Act "an otherwise qualified handicapped individual must be provided with meaningful access to the benefit that the grantee offers . . . . [T]o assure meaningful access, reasonable accommodations in the grantee's program or benefit may have to be made." Alexander v. Choate, 469 U.S. 287, 301 (1985); see Henrietta D. v. Bloomberg, 331 F.3d 261, 273 (2d Cir. 2003). See Celeste v. E. Meadow Union Free Sch. Dist., 373 Fed. App'x 85, 88 (2d

4

Cir. 2010) (Summary Order) (holding that a student with cerebral palsy was denied meaningful access when he had to take a ten minute detour each way to get to the football field and thus missed portions of the activity).

In order to reject an individual with a disability's requested accommodation, a public entity needs to demonstrate that the individual's proposed modification is unreasonable, or offer a "plainly reasonable" alternative. Id. at 3. Implementing regulations to the ADA state, "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 CFR § 35.130(b)(7)(i). Once the plaintiff carries "the light burden of producing evidence as to the facial reasonableness or plausibility of [his proposed] accommodation, the burden falls to the defendant... to persuade the fact finder that the proposed accommodation is unreasonable" by showing that it would impose an undue hardship or require a fundamental alteration in the program at issue. Dean, 2015 U.S. App. LEXIS 17539, at 23, 25.

In Matagrano v. N.Y. State Dep't of Corr. & Cmty. Supervision, 2020 U.S. Dist. LEXIS 234149 (N.D.N.Y. Dec. 14, 2020), the court found that all that is needed to make out a prima facie case under the ADA and the Rehabilitation Act (here at the summary judgment stage) is to "[plead] specific and concrete facts allowing a reasonable inference that, due to the failure . . . to consistently and properly give him access to reasonable accommodations for his . . . disability, he was unable to fully "participate in or benefit from" the "services, programs, or activities" offered by the . . . facility." Further, the fact that some officials' actions may have been "motivated in part by factors other than discriminatory animus toward Plaintiff's disability—such as a desire to retaliate against Plaintiff for filing grievances—does not defeat his prima facie

case." Id. at 43-44. Mr. Warn has plausibly alleged that he was discriminated against "by reason of" his disabilities, as the needs related to these disabilities created the conditions for discrimination. It is not necessary, especially at this stage, for Mr. Warn to prove whether the Probation Department failed to accommodate him because of some targeted animus or resentment, his needs being inconvenient, or some other reason, as the circumstances make clear discrimination was due to his disabilities.

In the present case, Mr. Warn repeatedly requested facially reasonable accommodations in the form of video or telephonic check-ins and alternate transportation or scheduling arrangements, which the Herkimer Probation Department flatly denied with little to no explanation. Mr. Warn did present documentation of his disability and requested accommodation in writing, so the Probation Department must have been aware of why he was seeking an accommodation. FAC ¶¶ 31, 52. Defendants made no effort to offer alternative accommodations. Defendants made comments showing their indifference to their legal obligations such as claiming Mr. Warn could not be accommodated as he was not in a wheelchair or not "fully disabled". FAC ¶ 38, 53. Defendants can not plausibly argue that switching to remote check-ins would have imposed an undue hardship on them or required a fundamental alternation in their program, given that they conduct remote check-ins in other cases, and the neighboring Montgomery County Probation Department conducted check-ins this way with Mr. Warn for months without incident. Mr. Warn's allegations are not, as Defendants say, "general and conclusory", but do indicate a pattern of behavior consistent with deliberate or reckless indifference to his rights and bad faith.

### I.B. Plaintiff has Plausibly Alleged Retaliation

Mr. Warn has specifically alleged that, over the course of months, his protected requests for accommodations were denied or ignored. FAC ¶¶ 25, 27, 32, 38-39, 43. Mr. Warn alleged that the Probation Department was aware that he had mental health conditions, FAC ¶ 20, which is supported by the order and conditions of probation requiring he attend mental health treatment. FAC ¶ 55. Defendants' refusal to engage in any dialogue about alternative accommodations or the options available to Mr. Warn suggests impatience with and retaliation for his protected accommodation requests. When the accommodation requests escalated to a written request with assistance from Worker Justice Center on May 4, 2025, within three weeks Mr. Warn was given a notice of violation of his probation terms, FAC ¶ 54, largely for violations of terms made difficult by his disabilities. FAC ¶ 55. This constituted an adverse decision or course of action against Mr. Warn.

In this case, there is "direct evidence of a causal connection between the protected activity and the adverse action". Matthews v. CSX Transp., Inc., 2018 U.S. Dist. LEXIS 178311, at *5 (N.D.N.Y. October 17, 2018) (denying motion to dismiss retaliation claim where plaintiff reported disability discrimination to Defendant, thus giving them knowledge of his protected speech; noting the Second Circuit has not adopted the "but-for" standard for ADA and Rehabilitation Act claims). The May 4, 2022 letter from Worker Justice Center to the Probation Department on behalf of Mr. Warn specifically noted that continued failure to provide accommodations may violate the ADA, Rehabilitation Act, and NYSHRL. Exhibit 2.

The temporal proximity of these events further indicates retaliation. "[A] plaintiff can indirectly establish a causal connection to support a . . . retaliation claim by showing that the protected activity was closely followed in time by the adverse . . . action." Gorman-Bakos v.

7

Cornell Co-op Extension of Schenectady Cnty., 252 F.3d 545, 554 (2d Cir. 2001) (adverse action occurred less than a month after the plaintiff's participation in a protected activity). The period of less than three weeks in the present case between the letter and receiving a notice of violation is "sufficient to establish the required causal link for a prima facie case." See Treglia v. Town of Manlius, 313 F.3d 713, 721 (2d Cir. 2002) (finding that temporal proximity of one month was sufficient); Dodd v. City Univ. of N.Y., 489 F. Supp. 3d 219, 247 (S.D.N.Y. 2020) (Up to two months' time between a protected activity and an adverse action can show causation through temporal proximity).

**I.C. ADA and Rehabilitation Act Claims Against the Individual Defendants Are Actionable**

This issue is not as settled as Defendants represent. None of the cases defendants cite for the proposition that individual liability is not allowed under the ADA, including for retaliation claims, arise in the context of discrimination by public entities as in the present case; they mostly arise in the context of employment, under Title I. See, e.g., Spiegel v. Schulmann, 604 F.3d 72, 79 (2d Cir. 2010) (reasoning that "in the context of employment discrimination, the retaliation provision of the ADA, which explicitly borrows the remedies set forth in § 2000e-5, cannot provide for individual liability." (emphasis added))

In other circuits, courts have found that individual liability for retaliation under the ADA is allowed. The Eleventh Circuit has stated, "we hold that, in the context of public services, the ADA's anti-retaliation provision permits personal capacity suits against individuals." Shotz v. City of Plantation, 344 F.3d 1161 (11th Cir. 2003) (City's conduct was sufficiently adverse to create a prima facie case of retaliation, even if plaintiff suffered only public humiliation and shame, because the City's conduct would be viewed as "adverse" by a reasonable person). A district court in the 3rd Circuit has held that "individual liability may be imposed for retaliation

8

claims under the ADA involving either public entities or public accommodations." <u>Datto v. Harrison</u>, 664 F. Supp. 2d 472 (E.D. Pa. 2009).

The court in <u>Datto</u> reasoned that "[limiting individual liability] is appropriate in employment cases because, under § 12203(c), retaliation claims in that context apply the remedies of Title I of the ADA, which incorporates the remedies of Title VII. Title VII, however, is not relevant to retaliation claims involving public entities or public accommodations because, for such claims, § 12203(c) authorizes the remedies of different sections of the Civil Rights Act." <u>Id.</u> at 491. Specifically, "[w]ith respect to retaliation claims involving public entities, § 12203(c) incorporates remedial provisions of Title VI." <u>Id.</u> at 492. <u>See also Glenn v. Davis Sch. Dist.</u>, 2019 U.S. Dist. LEXIS 184287, at *5-8 (D. Utah Oct. 23, 2019); <u>Minkley v. Eureka City Sch.</u>, 2017 U.S. Dist. LEXIS 161338, at *6-8 (N.D. Cal. Sept. 29, 2017); <u>Alston v. Dist. of Columbia</u>, 561 F. Supp. 2d 29, 41-42 (D.D.C. 2008). Following this logic, this court could find individual liability for retaliation outside of the employment context here.

### I.D. Plaintiff's ADA and Rehabilitation Act Claims Are Not Time-Barred

A cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." <u>See, e.g., Hogan v. Fischer</u>, 738 F.3d 509 (2d Cir. 2013) (in § 1983 context). Mr. Warn did not have the background to fully understand his disability-related rights until after he spoke with attorneys, resulting in the letter sent to the Probation Department on May 4, 2022. Thus his causes of action for the treatment he received in the preceding months may only have accrued on that date.

Separately, when there is a "continuous practice and policy of discrimination, . . . the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." <u>Gomes v. Avco Corp.</u>, 964 F.2d 1330, 1333 (2d Cir. 1992) (in the

employment context). This doctrine has been expanded to apply in other contexts. See, e.g., Shomo v. City of New York, 579 F.3d 176, 181-82 (2d Cir. 2009) (applied to Eighth Amendment deliberate indifference claims); Jaghory v. New York State Dep't of Educ., 131 F.3d 326, at 328, 331 (2d Cir. 1997) (applied to a Section 1983 claim involving allegations of discrimination in medical licensing); Fair Hous. Justice Ctr. Inc. v. Lighthouse Living LLC, 2021 U.S. Dist. LEXIS 181505 (S.D.N.Y. September 20, 2021) (applied in Fair Housing Act context where architect had regular practice of designing noncompliant dwellings).

Mr. Warn has plausibly alleged an ongoing practice and policy of disability-related discrimination. Multiple acts in furtherance of that policy were taken after May 2, 2022, including denial again of his accommodation requests, and issuance of violations of his probation terms. A continuing violation may be found "where specific and related instances of discrimination are permitted . . . to continue unremedied for so long as to amount to a discriminatory policy or practice." See also, Cornwell v. Robinson, 23 F.3d 694, 704 (2d Cir. 1994); Bloom v. New York City Bd. of Educ., 2003 U.S. Dist. LEXIS 5290 (S.D.N.Y. April 2, 2003) (motion to dismiss ADA and Rehabilitation Act claims denied, where failure to accommodate employee's disability was a continuing violation because it "may have been a one-time discriminatory decision or a continuous failure to act"). Alternately, the doctrine of equitable tolling can apply here considering Mr. Warn's mental and physical health issues.

In any case, this court can consider evidence of any allegations regardless of statute of limitations issues as background to alleged conduct that falls within the limitations period. See Toussaint v. City of New York, 2020 U.S. Dist. LEXIS 123813, at *2 (S.D.N.Y. July 14, 2020) ("Of course, even where the continuing violations doctrine does not apply, the Court may still

consider 'background evidence from outside the limitations period.") (quoting Chin v. Port Auth. of New York & New Jersey, 685 F.3d 135, 146 (2d Cir. 2012)).

## II. Some Courts Recognize State Law Claims Against Individual Defendants

Regarding Plaintiff's claims under the New York State Human Rights Law ("NYSHRL"): Defendants have explained that the County Law's notice of claim requirements and limitations period of one year and 90 days control claims brought against a municipality. Whether the notice of claim requirement and this limitations period extends to claims against municipal employees is less settled. The Second Circuit has looked at this issue and qualified the one year and 90 days limitations period as applying to "the City (or an individual whom the City must indemnify)". Rentas v. Ruffin, 816 F.3d 214 (2d Cir. 2016), citing Ruggiero v. Phillips, 292 A.D.2d 41 (4th Dep't 2002); but see McKeever v. Singas, 2022 U.S. Dist. LEXIS 161490, at *5 n.10 (E.D.N.Y. Sept. 7, 2022); Linell v. New York City Dep't of Educ., 2017 U.S. Dist. LEXIS 30534, at *3 (E.D.N.Y. Mar. 3, 2017) (finding that claims against parties in their individual capacities are not governed by the General Municipal Law statute of limitations).

The court in Ruggiero reasoned that "[i]f the officer was acting in the performance of his duties and within the scope of his employment, the Village has to indemnify him for any damages. The Village would thus be the real party in interest and General Municipal Law § 50-i (1) (c) would apply." Thus resolving this question may depend on a fact-sensitive inquiry into whether Ms. Castellano and Mr. Scalise were acting within the scope of their employment, and also on whether they are liable in their individual capacity. As such it is not appropriate to decide at the motion to dismiss stage. See, e.g., Tulino v. City of New York, 2016 U.S. Dist. LEXIS 66012, at *3 (S.D.N.Y. May 19, 2016).

NYSHRL § 296(6) provides another basis for individual liability. § 296(6) of the HRL states that it shall be an unlawful discriminatory practice "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden . . . or attempt to do so." N.Y. Exec. Law § 296(6). ("Section 296(6) extends liability to persons and entities beyond joint employers" and the "provision should be construed broadly." Griffin v. Sirva Inc., 858 F.3d 69 (2d Cir. 2017), citing Griffin v Sirva, Inc., 29 N.Y.3d 174 (May 4, 2017).

## **CONCLUSION**

For the above reasons, Defendants' Motion to Dismiss should be denied in its entirety and this case should be allowed to proceed.

Date: July 24, 2025                    RESPECTFULLY SUBMITTED,

_____

Malcolm Kim, Esq.
M.S. Kim Law
Attorney for the Plaintiff
2269 Lyell Avenue, Suite 103 #1074 (mail only)
Rochester, NY 14606
mal@mskimlaw.com

To: MURPHY BURNS GROUDINE LLP
Attn: Stephen M. Groudine, Esq.
Attorneys for Defendants
407 Albany Shaker Road, Suite 201
Loudonville, New York 12211
Telephone: (518) 690-0096
Email: sgroudine@mbglawny.com

12