UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

---

JOSEPH WARN, JR.,

                                                                                          Plaintiff,

-against-

HERKIMER COUNTY, MICHAEL SCALISE, both individually and in his official capacity as Director of The Herkimer County Probation Department; BIANCA CASTELLANO, both individually and in her official capacity,

                                                                                          Defendants.

---

Case No.: 6:25-cv-00543
(ECC/ML)

---

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS HERKIMER COUNTY, MICHAEL SCALISE and BIANCA CASTELLANO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

---

MURPHY BURNS GROUDINE LLP
Attorneys for Defendants Herkimer County,
Michael Scalise and Bianca Castellano
407 Albany Shaker Road, Suite 201
Loudonville, New York 12211
Telephone (518) 690-0096

Of Counsel:

    Stephen M. Groudine, Esq..

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

STANDARD OF REVIEW ...................................................................................................... 1

ARGUMENT ............................................................................................................................. 3

    POINT I - THE PLAINTIFF'S CLAIMS UNDER THE ADA AND REHABILITATION ACT MUST BE DISMISSED ............................................................................................ 3

        A.    The Plaintiff has Failed to Plausibly Allege Federal Claims Under the ADA and Rehabilitation Act. ............................................................................................ 3

        B.    The Plaintiff has Failed to Plausibly Allege Retaliation. ............................. 8

        C.    The ADA and Rehabilitation Act Claims Against the Individual Defendants are Not Actionable. ............................................................................................ 9

        D.    Statute of Limitations. .................................................................................11

    POINT II - THE PLAINTIFF'S CLAIMS UNDER THE NEW YORK STATE EXECUTIVE LAW MUST BE DISMISSED ...............................................................................................11

        A.    These Claims are Time Barred Pursuant to County Law §52 and the New York General Municipal Law. ............................................................................................11

        B.    The Timely Filing of a Notice of Claim was not Alleged. ...........................12

CONCLUSION ........................................................................................................................ 13

**PRELIMINARY STATEMENT**

Defendants, Herkimer County, Michael Scalise, and Bianca Castellano (hereinafter referred to collectively as the "moving defendants") by and through their counsel, Murphy Burns Groudine LLP, submit this Memorandum of Law in support of the moving defendants' Federal Rules of Civil Procedure (F.R.C.P.) § 12(b)(6) motion to dismiss plaintiff's First Amended Complaint (Dkt. No. 11) for failure to state a claim.

The plaintiff commenced this action with the filing of the Complaint in the U.S. District Court for the Northern District of New York on May 2, 2025. (Dkt. No. 1). Within said Complaint, the plaintiff alleged the following claims (1) disability discrimination under Title II the Americans with Disabilities Act; (2) retaliation under Title II of the Americans with Disabilities Act; (3) disability discrimination under Section 504 of the Rehabilitation Act; (4) retaliation under Section 504 of the Rehabilitation Act; (5) discrimination under the New York State Human Rights Law; and (6) retaliation under the New York State Human Rights Law (Dkt. No. 1, generally)

In response, the moving defendants motioned this Court pursuant to F.R.C.P. 12(b)(6) to dismiss said Complaint in lieu of an answer. See Dkt. No. 9. The plaintiff amended the Complaint as of right in response to said motion, mooting the moving defendants' then-pending motion. See Dkt. No. 21. The instant motion is filed in lieu of an answer in response to plaintiff's First Amended Complaint (Dkt. No. 21) which has the same six causes of action alleged as the original Complaint.

**STANDARD OF REVIEW**

"A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. See Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences

1

in the pleader's favor.  See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  This presumption of truth, however, does not extend to legal conclusions. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citation omitted).  Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. See Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 [2d Cir. 2002]).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," see Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quotation omitted).  Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," see id. at 555 (citation omitted), and present claims that are "plausible on [their] face," id. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  Id. (quoting [Twombly, 550 U.S.] at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929).  Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," Twombly, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" id. at 570." Durr v. Slator, 558 F. Supp. 3d 1, 5-6, 2021 U.S. Dist. Lexis 166716 (N.D.N.Y. 2021).

2

# ARGUMENT

# POINT I

## THE PLAINTIFF'S CLAIMS UNDER TITLE II of THE ADA AND SECTION 504 OF THE REHABILITATION ACT MUST BE DISMISSED

**A.     The Plaintiff has Failed to Plausibly Allege Federal Claims Under the ADA and Rehabilitation Act.**

The plaintiff has alleged claims against the moving defendants pursuant to Title II of the Americans with Disabilities Act. Title II of the Americans with Disabilities Act (hereinafter "ADA") states that, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §12132. Similarly, under Section 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. §794(a). "Because the standards adopted by the two statutes are nearly identical, [Courts] consider the merits of these claims together." B.C. v. Mount Vernon School District, 837 F.3d at 152, 158 (2d Cir. 2015) (citation omitted); see also S.G., 2019 U.S. Dist. LEXIS 45866, 2019 WL 1284280, at *13 n.9 ("[C]laims under the ADA and the Rehabilitation Act are evaluated using the same standards."); Maus v. Wappingers Cent. Sch. Dist., 688 F. Supp. 2d 282, 301 (S.D.N.Y. 2010) ("Because Section 504 of the Rehabilitation Act and the ADA impose identical requirements, this court will analyze these claims in tandem.") (cleaned up). Yerdon v. Poitras, 120 F.4th 1150, 1155 (2d Cir. 2024).

"In order to prevail on a claim under either Title II of the ADA or § 504 of the RA, Plaintiff 'must show that 1) he is a qualified individual with a disability; 2) [the defendant] is an entity subject to the acts; and 3) he was denied the opportunity to participate in or benefit from [the

defendant's] services, programs, or activities [or that the defendant] otherwise discriminated against him by reason of his disability.'" Wright, 831 F.3d at 72. Koram v. Ct. Dep't of Corr., 2023 U.S. Dist. LEXIS 222568, *25-27 (D. Conn. 2023).

For the purposes of this motion to dismiss, the defendants concede that the plaintiff has adequately pleaded that Herkimer County is an entity subject to the ADA and RA, so the second element of this claim will not be addressed.

"To satisfy the threshold requirements of an ADA claim, a plaintiff must plead that he has a disability within the meaning of the ADA. See Lyons v. Legal Aid Society, 68 F.3d 1512, 1515 (2d Cir. 1995); Daley v. Koch, 892 F.2d 212, 214 (2d Cir. 1989); Greenberg v. New York, 919 F. Supp. 637, 641 (E.D.N.Y. 1996). "The ADA defines a disability in three ways: (1) 'a physical or mental impairment that substantially limits one or more of the major life activities' of an individual; (2) 'a record of such an impairment;' or (3) 'being regarded as having such impairment.'" 42 U.S.C. §12102(2). Schwartz v. Comex, 1997 U.S. Dist. LEXIS 4658, *3-4 (S.D.N.Y. 1997).

The plaintiff alleges that he has a qualifying physical disability related to chronic pain that originated from a slip and fall on December 31, 2021. See Dkt. No. 11, paras. 11, 13, 21, and 31. He also alleged a qualifying mental disability related to ADHD that was diagnosed at age 10 and severe depression/anxiety since "at least February 2022" that broadly "affect[s] his functioning most days." See Dkt. No. 11, para. 12.

The plaintiff's allegations as to his physical "qualifying disability" as of the Spring of 2022 are conclusory. They do not state any facts whatsoever to suggest that he was limited in one or more major life activities at the time of the alleged discrimination, that there was a record of his impairment at that time, or that he was regarded as having a serious impairment.

4

After his initial ER visit on December 31, 2021, wherein he was treated for "acute onset of back pain" (see Dkt. No. 11-3, p. 2), the plaintiff did not treat again for back or leg pain until "Fall of 2022" (see Dkt. No. 11-1, p. 2; 11-3, p. 3) well after the alleged discrimination set forth in the First Amended Complaint.  When he did, eventually, return to treatment on November 17, 2022, the plaintiff's medical provider noted only "achy" lumbar pain which is made worse by prolonged sitting or standing and "mild antalgic gait on left LE [lower extremity]".  See Dkt. No. 11-3 pp. 3-4.  Furthermore, the plaintiff alleges that on January 10, 2022, he walked over seven miles on foot to get to probation (Dkt. No. 11, para. 29), hardly a substantial limitation the major life activities of walking, standing, or movement as was stated by plaintiff in paragraph 13 of his First Amended Complaint.  He also walked to the Probation Department for weekly check-ins from January through April 2022.  Dkt. No. 11, paras. 33-36.  On December 16, 2022, the plaintiff went to Mohawk Valley Orthopedics, P.C. at the request of his "Worker's Compensation lawyer" and stated to Dr. Joseph Popper that he tries "**to walk 3 miles a day to stay active** which is **sometimes painful**".  See Dkt. 11-6, p. 4 (emphasis added).  Dr. Popper also noted that the plaintiff "has never really had any treatment for this" and diagnosed him with a "lumbar sprain".  Dkt. No. 11-6, p. 5.  The plaintiff's failure to plausibly allege a qualifying disability that "substantially limits" one or more of the major life activities" as of the date of the alleged discrimination with anything more than conclusory allegations must result in the dismissal of the First Amended Complaint.  Sacay v. Research Found., 44 F. Supp. 2d 496, 500-501 (E.D.N.Y. 1999).

The plaintiff's purported "substantial disability" due to PTSD and/or depression/anxiety is similarly not plausibly alleged.  The plaintiff does not allege that any of these mental issues were the cause of his inability to attend in-person probation check-ins.  In fact, the only references in the First Amended Complaint to his mental health issues are in paragraphs 11, 12, and 20.  The

February 2, 2022 mental health record (attached to the plaintiff's First Amended Complaint) undercuts the plaintiff's own claim. See Dkt. No. 11-5, *generally*. Prior to February 2, 2022, the plaintiff had not seen a mental health provider since 2014 (Dkt. No. 11-5, p. 3), and there are no facts alleged in the remainder of the First Amended Complaint that the plaintiff sought any mental health treatment after February 2, 2022, or that he informed any of the defendants of any mental health issues which limited his ability to participate in in-person probationary activities. The plaintiff's statement at the end of paragraph 12, that his depression and anxiety affect "his functioning most days" is hardly an allegation of a substantial limitation on "one or more life activities". It is conclusory and is unsupported by any prior or further factual allegations.

With respect to the third element, that "he was denied the opportunity to participate in or benefit from [the defendant's] services, programs, or activities [or that the defendant] otherwise discriminated against him by reason of his disability" (Koram, 2023 U.S. Dist. LEXIS 222568, at *25-27), the plaintiff alleges that he was not permitted virtual or phone check-ins as an accommodation for his disability by the County's Probation Department. He does not state anywhere in his First Amended Complaint that the failure to provide this accommodation was **due to** his disability. Rather, he simply states that he was disabled and not allowed an accommodation. These general and conclusory factual allegations are insufficient to state a claim under the ADA or RA. Killoran v. Westhampton Beach Sch. Dist., 2024 U.S. Dist. LEXIS 33670, 2024 WL 813292, at *7 (E.D.N.Y. Feb. 27, 2024) (dismissing Section 504 and ADA claims where "Plaintiff has failed to allege facts that plausibly support his claims the School District … discriminated against A.K. because of his disability," and noting that complaint's "threadbare recitals of the elements" of Section 504 and ADA claims, "supported by vague, conclusory statements," "do[] not suffice"); Murray v. Lakeland Cent. Sch. Dist. Bd. of Educ., No. 16 Civ. 6795 (KMK), 2017

U.S. Dist. LEXIS 157755, 2017 WL 4286658, at *9 (S.D.N.Y. Sept. 26, 2017) (holding that "Plaintiff's allegations … amount to nothing more than conclusory statements of discrimination, which are insufficient to state a claim" because "she has not pled how her alleged disability motivated the … Defendants' supposedly discriminatory acts"); Avila v. Acacia Network, Inc., No. 24 Civ. 0884 (LTS), 2024 U.S. Dist. LEXIS 157152, 2024 WL 4108012, at *6 (S.D.N.Y. Aug. 26, 2024) (collecting cases) ("Plaintiff allegations … are conclusory and without factual support, and therefore do not satisfy the pleading requirements to state a claim of disability discrimination under the Rehabilitation Act."); Vasquez v. Reece Sch., No. 22 Civ. 5986 (GHW)(JW), 2024 U.S. Dist. LEXIS 13838, 2024 WL 497435, at *9 (S.D.N.Y. Jan. 24, 2024) ("Plaintiffs allege only in a conclusory fashion that 'Defendant excluded J.V. from participation in, and denied J.V. the benefits of, services, programs, and activities … because of J.V.'s disabilities.' This is insufficient to state a claim under Rule 12(b)(6). Plaintiffs do not allege any facts that give rise to an inference that J.V. was dismissed … because of her disability.") (emphasis in original), R&R adopted, 2024 U.S. Dist. LEXIS 22648, 2024 WL 497433 (S.D.N.Y. Feb. 8, 2024). Franks v. Eckert, 2020 U.S. Dist. LEXIS 128750, 2020 WL 4194137, at *4 (W.D.N.Y. July 21, 2020) ("Although [the p]laintiff has alleged he was denied some of his requested reasonable accommodations, there are no facts in the Amended Complaint to suggest that [the d]efendants refused to allow [the p]laintiff to participate in any program or activity because of his disability"). The plaintiff also failed to allege facts (as opposed to conclusory allegations) suggesting that the defendants acted with deliberate or reckless indifference to the plaintiff's rights. Vinluan, 2021 U.S. Dist. LEXIS 140265, 2021 WL 3193128, at *7 (dismissing Section 504 and ADA discrimination claims where "the SAC fails to allege any facts suggesting Defendants acted with deliberate or reckless indifference to MV's federally protected rights or with bad faith or gross misjudgment").

Like the plaintiff in the Northern District case of Lewis v. Essex Cnty., 2024 U.S. Dist. LEXIS 236797 (N.D.N.Y. 2024), the plaintiff herein alleges that he was mistreated by employees of the County, but fails to plausibly allege that he was mistreated in a deliberate or reckless way because of his chronic illness, see also Currytto v. Furey, 2019 U.S. Dist. LEXIS 72424, 2019 WL 1921856, at *4 (D. Conn. Apr. 30, 2019) ("Because his complaint goes to the inadequacy of treatment for his disability rather than discriminatory action motivated by his disability, [the plaintiff] has failed to allege a plausible claim for relief under the ADA."); Cordero v. Semple, 696 F. App'x 44, 45 (2d Cir. 2017) (affirming the dismissal of an ADA claim because the plaintiff "did not allege that his conditions prevented him from participating in any programs or activities") (summary order). As such, the plaintiff's First Amended Complaint must be dismissed.

**B.    The Plaintiff has Failed to Plausibly Allege Retaliation.**

"Title V of the ADA 'prohibits, inter alia, retaliation against any individual who has asserted rights under the ADA.'" Constantine v. Merola, 2020 U.S. Dist. LEXIS 249635, *8 (N.D.N.Y. 2020) *adopted by* 2021 U.S. Dist. LEXIS 21230, 2021 WL 392487 (N.D.N.Y. Feb. 4, 2021) (Hurd, J.) *quoting* Currytto, *supra,* at *8 (*citing* Sarno v. Douglas Elliman-Gibbons & Ives, Inc., 183 F.3d 155, 159 (2d Cir. 1999)). "To state a retaliation claim under [the ADA], a plaintiff must establish that '(i) plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action.'" Currytto, *supra,* at *8 (*quoting* Weixel v. Bd. of Educ., 287 F.3d 139, 148 (2d Cir. 2002)).

The plaintiff has failed to allege that he was "engaged in a protected activity, that any [d]efendant knew that [p]laintiff was involved in the protected activity, or that any adverse decision

or course of action taken by [d]efendants was causally connected to that protected activity." See Constantine, *supra* at *5. In other words, the "plaintiff has failed to allege facts plausibly explaining how [he] was retaliated against 'by reason of [his] disability." Coleman v. Engle, 2016 U.S. Dist. LEXIS 100362, *17-18 N.D.N.Y. 2016); see also Lewis, *supra*, *45-47 ("plaintiff has not pled that the Village of Lake Placid or Essex County discriminated against him on the basis of his PTSD and ADHD"); Moran v. Deamelia, U.S. Dist. LEXIS 61724, 2017 WL 2805160, at *3 (N.D.N.Y. Apr. 20, 2017) ("Although defendants may have been aware of plaintiff's alleged disabilities because his underlying discrimination complaint against his former employer filed with the NYSDHR appears to have been based, in part, on his disabilities, he offers not even a scintilla of proof that the alleged misconduct was 'motivated' by his major depressive disorder and ADHD."), report and recommendation adopted, No. 1:17-CV-422, 2017 U.S. Dist. LEXIS 99894, 2017 WL 2804941 (N.D.N.Y. June 28, 2017); Costabile v. New York Dist. Council of Carpenters, No. 17-CV-8488, 2018 U.S. Dist. LEXIS 153886, 2018 WL 4300527, at *5 (S.D.N.Y. Sept. 10, 2018) (dismissing the plaintiff's discrimination claim under the ADA because he failed to allege that the defendants were aware of his disability, and, thus, "fail[ed] to plead even a barebones claim of disability discrimination"). Consequently, the plaintiff's Title II ADA and RA retaliation claims against the defendants must be dismissed.

### C.    The ADA and Rehabilitation Act Claims Against the Individual Defendants are Not Actionable.

The Second Circuit has held that Title II of the ADA, the Title referenced in the plaintiff's First Amended Complaint, does not provide for individual liability. See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) (holding that Title II of the ADA does not provide for suits against individuals); Constantine, *supra* at *7-8; Netti v. Ayers, 2017 U.S. Dist. LEXIS 217419, 2017 WL 7542494, at *18 (N.D.N.Y. Oct. 5, 2017) (Baxter, M.J.) (*citing* Baross

v. Greenlawn, 16-CV-4805, 2017 U.S. Dist. LEXIS 74502, 2017 WL 2124424, at *4 (E.D.N.Y. May 15, 2017)), report and recommendation adopted by 2018 U.S. Dist. LEXIS 21471, 2018 WL 813509 (N.D.N.Y. Feb. 9, 2018) (Suddaby, C.J.); *accord* Rosenfield v. New York State Div. of Veterans' Affairs, 18-CV-1299, 2019 U.S. Dist. LEXIS 162633, 2019 WL 4621962, at *10 (N.D.N.Y. Sept. 24, 2019) (Suddaby, C.J.); Fox v. State Univ. of N.Y., 497 F. Supp. 2d 446, 449 (E.D.N.Y. 2007) ("[T]here is no individual liability under Title I or Title II of the ADA, or the ADEA."); Sutherland v. New York State Dep't of Law, 96-CV-6935, 1999 U.S. Dist. LEXIS 7309, 1999 WL 314186, at *7 (S.D.N.Y. May 19, 1999) ("Individual defendants may not be held personally liable for alleged violations of the ADA.").

The prohibition against individual liability under the ADA also extends to claims of retaliation. Chavous v. Hous. Visions Unlimited, Inc., 2022 U.S. Dist. LEXIS 188701, *9 (N.D.N.Y. 2022) *citing* Shipman v. New York State Office of Persons with Developmental Disabilities, 2012 U.S. Dist. LEXIS 47087, 2012 WL 897790, at *9 (S.D.N.Y. Mar. 12, 2012) (even in the retaliation context, "individuals cannot be held liable for money damages under the ADA in either their personal or official capacities."), report and recommendation adopted, 2012 U.S. Dist. LEXIS 121303, 2012 WL 3704837, at *3 (S.D.N.Y. Mar. 26, 2012) (money damages unavailable under the ADA)); Spiegel v. Schulmann, 604 F.3d 72, 79 (2d Cir. 2010).

As plaintiff has alleged ADA and RA claims against the individually named defendants, and those claims are not recognized under the law, these claims must be dismissed as to those defendants. Furthermore, even if the law was not as clear as it is on this issue of individual liability, the claims asserted against Mr. Scalise by the plaintiff are general and conclusory in nature. There are no facts to plausibly suggest his personal involvement in any alleged discrimination,

10

whatsoever.[1] All claims appear to be related strictly to his supervisory role at the Probation Department.

**D.      Statute of Limitations.**

The statute of limitations for actions pursuant to the ADA or RA is three (3) years. In New York, claims "under the ADA and Rehabilitation Act are subject to a three-year limitations period." Purcell v. N.Y. Inst. of Tech. - Coll. of Osteopathic Med., 931 F.3d 59, 63 (2d Cir. 2019) (ADA); Morse v. Univ. of Vt., 973 F.2d 122, 125 (2d Cir. 1992) (Rehabilitation Act). Am. Council of the Blind of N.Y., Inc. v. City of New York, 495 F. Supp. 3d 211, 242 (S.D.N.Y. 2020). To the extent that the First Amended Complaint alleges any discriminatory treatment preceding May 2, 2022 (three years prior to the filing of the original Complaint), said allegations are time barred.

## POINT II

## THE PLAINTIFF'S CLAIMS UNDER THE NEW YORK STATE EXECUTIVE LAW MUST BE DISMISSED

**A.      These Claims are Time Barred Pursuant to County Law §52 and the New York General Municipal Law.**

County Law §52 provides as follows:

> Any claim or notice of claim against a county for damage, injury or death, or for invasion of personal or property rights, of every name and nature, and whether casual or continuing trespass or nuisance and any other claim for damages arising at law or in equity, alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, agents, servants or employees, must be made and served in compliance with General Municipal Law § 50-E (Notice of claim). Every action upon such claim shall

---

[1] The only factual allegations against Mr. Scalise in the First Amended Complaint are that: 1) he was aware of a complaint the plaintiff made on an unspecified date, and 2) that he was a participant in a telephone call that was had in response to an "accommodation request" made by the plaintiff. It is not alleged that Mr. Scalise personally made or informed the plaintiff of the decision that was rendered on said telephone call. It is not even alleged that Mr. Scalise spoke to the plaintiff.

11

>be commenced pursuant to the provisions of General Municipal Law
>§ 50-I (Presentation of tort claims). The place of trial shall be in the
>county against which the action is brought.

The "applicable period of limitations for Human Rights Claims [against a County] under the Executive Law are one year and 90 days." Piontka v. Suffolk County Police Dep't, 202 A.D.2d 409, 410 (2d Dept. 1994); see also County Law §52; Mills v. County of Monroe, 59 NY2d 307 affg 89 AD2d 776, *cert denied* 464 U.S. 1018); Geslak v. Suffolk County, 2008 WL 620732, *2-3, 2008 US Dist. LEXIS 16947, *5-6 (E.D.N.Y. 2008); Weslowski v. Zugibe, 167 A.D.3d 972, 974-975 (2d Dept. 2018); Russell v. County of Nassau, 696 F. Supp. 2d 213, 246 (E.D.N.Y 2010) (the one year and ninety-day statute of limitations under County Law §52 applies to Human Rights claims under the Executive Law pertaining to retaliation); Drees v. County of Suffolk, 2009 U.S. Dist. LEXIS 27346, *44-46 (E.D.N.Y. 2009). This also applies to claims under the Executive Law against individual defendants who are employees of the County. See Mills v. County of Monroe, *supra*; Freudenthal v. County of Nassau, 283 A.D.2d 6 (2d Dept. 2001); *accord* Geslak v. Suffolk County, 2008 U.S. Dist. LEXIS 16947, 2008 WL 620732, at *2 (E.D.N.Y. Mar. 5, 2008); Pustilnik v. Hynes, 2000 U.S. Dist. LEXIS 8718 (E.D.N.Y. June 27, 2000). Nowhere in the plaintiff's First Amended Complaint is it alleged that either individual defendant operated outside the scope of their employment with the County, nor are there any facts alleged which would allow one to make that assumption.

As the one year and ninety-day statute of limitations under County Law §52 clearly applies to the plaintiff's claims against all of the defendants under the Executive Law, the same must be dismissed with prejudice.

**B.      The Timely Filing of a Notice of Claim was not Alleged.**

As the plaintiff was required to file suit within one year and ninety days for his state claims under the Executive Law, as per County Law §52(1), the plaintiff was also required to allege a Notice of Claim was filed and actually file said Notice of Claim within 90 days of the alleged discriminatory act. Keating v. Gaffney, 182 F. Supp. 2d 278, 290 (E.D.N.Y. 2001). Further, the individual defendants are all County officials, employees, or entities and, therefore, claims against them are subject to the notice of claim requirement as well. See Id.; N.Y. County Law § 52(1); Mills, *supra,* at 709; Freudenthal, *supra*, at 117 (2d Dept. 1999); see also, Pustilnik, supra, at *7 (E.D.N.Y. June 27, 2000) (finding that county officials are subject to notice of claim requirement in N.Y. County Law §52(1) in employment discrimination action). As the plaintiff has not alleged that a Notice of Claim was filed or actually filed a Notice of Claim within 90 days, the plaintiff's state law claims under the Executive Law must be dismissed.

## CONCLUSION

For all of the foregoing reasons, the defendants' Motion to Dismiss should be granted and plaintiff's First Amended Complaint dismissed in its entirety.

Dated:  July 28, 2025

MURPHY BURNS GROUDINE LLP

By: _____
Stephen M. Groudine, Esq.
Attorneys for Defendants Herkimer County,
Michael Scalise, and Bianca Castellano
407 Albany Shaker Road, Suite 201
Loudonville, New York 12211
Telephone: (518) 690-0096
Email: sgroudine@mbglawny.com

TO:   M.S. KIM LAW
      Attn:  Malcolm Kim, Esq.
      Attorneys for Plaintiff
      2269 Lyell Avenue, Suite 103 #1074
      Rochester, New York 14606
      Email: mal@mskimlaw.com