UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

JOSEPH WARN, JR.,

                                                  Plaintiff,

        -against-


HERKIMER COUNTY, MICHAEL SCALISE, both
individually and in his official capacity as Director of
The Herkimer County Probation Department; BIANCA
CASTELLANO, both individually and in her official
capacity,


                                                  Defendants.


Case No.: 6:25-cv-00543
(ECC/ML)


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS
HERKIMER COUNTY, MICHAEL SCALISE and BIANCA CASTELLANO'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**


MURPHY BURNS GROUDINE LLP
Attorneys for Defendants Herkimer County,
Michael Scalise and Bianca Castellano
407 Albany Shaker Road, Suite 201
Loudonville, New York 12211
Telephone (518) 690-0096


Of Counsel:

Stephen M. Groudine, Esq..

# TABLE OF CONTENTS

ARGUMENT ................................................................................................................................ 1

POINT I     THE PLAINTIFF'S CLAIMS UNDER TITLE II OF THE ADA AND SECTION
504 OF THE REHABILITATION ACT MUST BE DISMISSED .............................1

    A.     The Plaintiff has Failed to Plausibly Allege Federal Claims Under the ADA and
Rehabilitation Act. ......................................................................................................1

    B.     The Plaintiff has Failed to Plausibly Allege Retaliation. .................................................3

    C.     The ADA and Rehabilitation Act Claims Against the Individual Defendants are Not
Actionable. ..................................................................................................................4

    D.     Statute of Limitations. .................................................................................................6

POINT II     THE PLAINTIFF'S CLAIMS UNDER THE NEW YORK STATE EXECUTIVE
LAW MUST BE DISMISSED...................................................................................6

CONCLUSION .............................................................................................................................. 7

## ARGUMENT

## POINT I

## THE PLAINTIFF'S CLAIMS UNDER TITLE II OF THE ADA AND SECTION 504 OF THE REHABILITATION ACT MUST BE DISMISSED

**A.**    **The Plaintiff has Failed to Plausibly Allege Federal Claims Under the ADA and Rehabilitation Act.**

The plaintiff claims to have plausibly alleged a physical "qualifying disability" as of the Spring of 2022 because his doctors, in November 2022 and Spring of 2023, noted certain lumbar complaints which are made worse with prolonged sitting and standing.  The medical record from December 31, 2021, the only record of back pain referenced in the Amended Complaint prior to the alleged discrimination, references only an "acute onset of back pain" and diagnosis of sciatica. There are no allegations of treatment between December 31, 2021, which could have put the defendants on notice of a disabling medical condition until November 17, 2022, well after the alleged discrimination took place.  The plaintiff's contentions in his opposition that he was substantially limited in his ability to walk are also belied by the records attached to his own Amended Complaint, notably his ability (albeit he claims with difficulty) to walk 7 miles to and from probation for four months and his statement to Dr. Joseph Popper in the Spring of 2023 that he tries to walk three miles a day to stay active.  See Dkt. 11-6, p. 4.  The plaintiff's opposition fails to cite any factual allegations in the Amended Complaint to suggest that he was **substantially** limited in one or more major life activities at the time of the alleged discrimination, that there was a record of his impairment at that time (the plaintiff concedes that the first record of any "now chronic" back condition was in November 2022, the only prior medical record consisting of "acute onset of back pain"), or that he was regarded as having a serious impairment.

The plaintiff's failure to plausibly allege a qualifying disability that "substantially limits" one or more of the major life activities" as of the date of the alleged discrimination with anything

1

more than conclusory allegations must result in the dismissal of the First Amended Complaint. Sacay v. Research Found., 44 F. Supp. 2d 496, 500-501 (E.D.N.Y. 1999).

The plaintiff's mental health allegations, on their face, also do not plausibly allege a "qualifying disability". In fact, as stated in the defendants' initial Motion to Dismiss the First Amended Complaint, the only references in the First Amended Complaint to his mental health issues are in paragraphs 11, 12, and 20. The plaintiff's argument in opposition to this motion attempts to "partial[ly]" relate the plaintiff's mental health issues to his need for probation accommodations, but the same is never specifically alleged in the First Amended Complaint. Furthermore, the plaintiff's conclusory allegations of a qualifying disability related to mental health are not supported by any facts whatsoever. More specifically, as previously noted, prior to February 2, 2022, the plaintiff had not seen a mental health provider since 2014 (Dkt. No. 11-5, p. 3), and there are no specific allegations in the remainder of the First Amended Complaint that the plaintiff sought any mental health treatment after February 2, 2022, or that he informed any of the defendants of any mental health issues which limited his ability to participate in in-person probationary activities.

In his opposition, the plaintiff also failed to reference any specific allegations in the First Amended Complaint that "he was denied the opportunity to participate in or benefit from [the defendant's] services, programs, or activities [or that the defendant] otherwise discriminated against him by reason of his disability". Koram v. Ct. Dep't of Corr., 2023 U.S. Dist. LEXIS 222568 at *25-27 (D.Conn. 2023). The plaintiff does not state anywhere in his First Amended Complaint that the failure to provide this accommodation was **due to** his disability or that Herkimer County Probation even allowed other probationers to have the benefit of virtual or call-in probation visits. As the plaintiff himself notes, he must "[plead] specific and concrete facts

2

allowing a reasonable inference" in this regard.  See Dkt. No. 17, p. 11; see also Matagrano v. N.Y. State Dep't of Corr. & Cmty. Supervision, 2020 U.S. Dist. LEXIS 234149 (N.D.N.Y. 2020).  His failure to do so must result in dismissal.

The plaintiff also failed to plausibly allege facts (as opposed to conclusory allegations) suggesting that the defendants acted with deliberate or reckless indifference to the plaintiff's rights. Vinluan v. Ardsley Union Free School Dist., 2021 U.S. Dist. LEXIS 140265, 2021 WL 3193128, at *7 (S.D.N.Y. 2021) (dismissing Section 504 and ADA discrimination claims where "the SAC fails to allege any facts suggesting Defendants acted with deliberate or reckless indifference to MV's federally protected rights or with bad faith or gross misjudgment").  The plaintiff has not even alleged that other disabled probationers within the County of Herkimer (as opposed to another jurisdiction where the rules may be different) were treated differently than him (afforded an opportunity for phone or virtual meetings), which would give some sort of indication of disparate treatment on the part of the defendants.  It's not even alleged that virtual visits are even provided to other probationers, disabled or able bodied.  The plaintiff claims that he does not need to prove facts which demonstrate deliberate or reckless indifference at this early stage.  On that point, he is correct; however, as stated clearly in the Vinluan case, *supra* **pleading** such facts in the Complaint is required.  As the plaintiff's Amended Complaint is void of any plausible allegation(s) of deliberate or reckless indifference, it must be dismissed.

## B.      The Plaintiff has Failed to Plausibly Allege Retaliation.

For the reasons noted above, the plaintiff has failed to allege in the First Amended Complaint that he had a qualifying disability in the Spring of 2022, so there can be no retaliation based upon the same.

With that said, assuming *arguendo* the Court finds that the plaintiff has plausibly pled a qualifying disability, the plaintiff has failed to allege that he was "engaged in a protected activity, that any [d]efendant knew that [p]laintiff was involved in the protected activity, or that any adverse decision or course of action taken by [d]efendants was causally connected to that protected activity." See Constantine v. Merola, 2020 U.S. Dist. LEXIS 249635, at *5 (N.D.N.Y. 2020). In other words, the "plaintiff has failed to allege facts plausibly explaining how [he] was retaliated against 'by reason of [his] disability." Coleman v. Engle, 2016 U.S. Dist. LEXIS 100362, *17-18 (N.D.N.Y. 2016); see also Lewis, *supra*, *45-47; Moran v. Deamelia, U.S. Dist. LEXIS 61724, 2017 WL 2805160, at *3 (N.D.N.Y. Apr. 20, 2017) , report and recommendation adopted, No. 1:17-CV-422, 2017 U.S. Dist. LEXIS 99894, 2017 WL 2804941 (N.D.N.Y. June 28, 2017); Costabile v. New York Dist. Council of Carpenters, No. 17-CV-8488, 2018 U.S. Dist. LEXIS 153886, 2018 WL 4300527, at *5 (S.D.N.Y. Sept. 10, 2018).

The plaintiff states in his opposition that his probation violations were "largely" for violations of terms "made difficult" by his disabilities. It is not alleged or argued the probation violation notice was in direct response to disability discrimination as opposed to a non-discriminatory reason such as his failure to comply with probation's rules and regulations. Again, the plaintiff has failed to allege how anyone at the Herkimer County Probation Department was treated differently than him, which would give some sort of reasonable inference of discrimination. Consequently, the plaintiff's Title II ADA and RA retaliation claims against the defendants must be dismissed.

## C.    The ADA and Rehabilitation Act Claims Against the Individual Defendants are Not Actionable.

The plaintiff claims this point is not as settled as represented in the initial Motion to Dismiss the First Amended Complaint. He argues that the cases cited by the defendants relate to Title I,

4

not Title II. That is simply not the case. Contrary to the plaintiff's contentions, the defendants cited numerous decisions both by and within the Second Circuit holding that Title II does not provide for individual liability. See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) (holding that **Title II of the ADA does not provide for suits against individuals**); Constantine, *supra at* *7-8; Netti v. Ayers, 2017 U.S. Dist. LEXIS 217419, 2017 WL 7542494, at *18 (N.D.N.Y. Oct. 5, 2017) (Baxter, M.J.) (*citing* Baross v. Greenlawn, 16-CV-4805, 2017 U.S. Dist. LEXIS 74502, 2017 WL 2124424, at *4 (E.D.N.Y. May 15, 2017)), report and recommendation adopted by 2018 U.S. Dist. LEXIS 21471, 2018 WL 813509 (N.D.N.Y. Feb. 9, 2018) (Suddaby, C.J.); *accord* Rosenfield v. New York State Div. of Veterans' Affairs, 18-CV-1299, 2019 U.S. Dist. LEXIS 162633, 2019 WL 4621962, at *10 (N.D.N.Y. Sept. 24, 2019) (Suddaby, C.J.); Fox v. State Univ. of N.Y., 497 F. Supp. 2d 446, 449 (E.D.N.Y. 2007) ("[T]here is no individual liability under Title I **or Title II of the ADA**, or the ADEA."); Sutherland v. New York State Dep't of Law, 96-CV-6935, 1999 U.S. Dist. LEXIS 7309, 1999 WL 314186, at *7 (S.D.N.Y. May 19, 1999) ("Individual defendants may not be held personally liable for alleged violations of the ADA.").

The plaintiff, perhaps recognizing the clear prohibition in this Circuit against individual liability for Title II ADA and Rehabilitation Act claims, cites decisions from other Circuits to make his argument against dismissal. The case law cited by the plaintiff is not binding on this Court. The binding case law regarding Title II claims, from the Second Circuit itself and its District Courts, clearly states that there is no individual liability for ADA and Rehabilitation claims. As such, all ADA and Rehabilitation claims against the individually named defendants must be dismissed.

**D.**     **Statute of Limitations.**

The plaintiff correctly states that a jury may consider background evidence from outside of a statute of limitations period; however, distinct and discrete acts of discrimination outside of the three-year statute of limitations cannot be permitted to proceed as independent claims of discrimination. The "continuing violation doctrine does not apply to discrete acts of discrimination or retaliation that occur outside the statutory time period, even if other [related] acts of discrimination occurred within the statutory time period." Tassy v. Buttigieg, 51 F.4th 521, 532 (2d Cir. 2022). For the reasons set forth above, as well as the defendants' initial Motion to Dismiss, the plaintiff has failed to allege discrimination, let alone an ongoing practice or policy of disability-related discrimination which would warrant an extension of the Statute of Limitations. As such, to the extent that the First Amended Complaint alleges any distinct and discrete discriminatory treatment preceding May 2, 2022 (three years prior to the filing of the original Complaint), said allegations are time barred.

**POINT II**

**THE PLAINTIFF'S CLAIMS UNDER THE NEW YORK STATE EXECUTIVE LAW**
**MUST BE DISMISSED**

The plaintiff has conceded through silence that he did not allege that he filed a timely Notice of Claim or in fact filed a timely Notice of Claim. He also concedes that the supplemental state law claims alleged against Herkimer County are subject to dismissal. In a futile attempt to keep his supplemental state claims alive against the individual defendants, the plaintiff argues that discovery could determine the individual defendants were not acting within the scope of their employment at the time of the alleged discrimination. The plaintiff never alleges anywhere in the Amended Complaint that either of these two County employees acted outside of the scope of their employment, rather he specifically pled that "at all times referenced in this complaint" both

6

individual defendants were employees of the County's Probation Department. See Dkt. No. 11, p. 3. Even in the absence of that specific allegation, the plaintiff's remaining allegations in the Amended Complaint against the individual defendants relate to purported acts which allegedly occurred at work and in the defendants' capacity as Probation Department employees. As the plaintiff has specifically alleged that the individual defendants were County employees, who at all times relevant to the complaint were employees of the County, and never alleges that they were acting outside of the scope of their employment, County Law §52 applies to the plaintiff's claims alleged against them and bars the plaintiff's claims. No discovery is required for an allegation that is not pled. Consequently, all of the plaintiff's supplemental state law claims must be dismissed with prejudice for both a failure to file a timely Notice of Claim and as violative of the one-year and ninety-day statute of limitations.

## CONCLUSION

For all of the foregoing reasons, the defendants' Motion to Dismiss should be granted and plaintiff's First Amended Complaint dismissed in its entirety.

Dated: August 22, 2025

MURPHY BURNS GROUDINE LLP

By: _____
       Stephen M. Groudine, Esq.
Attorneys for Defendants Herkimer County,
Michael Scalise, and Bianca Castellano
407 Albany Shaker Road, Suite 201
Loudonville, New York 12211
Telephone: (518) 690-0096
Email: sgroudine@mbglawny.com

TO:    M.S. KIM LAW
       Attn: Malcolm Kim, Esq.
       Attorneys for Plaintiff
       2269 Lyell Avenue, Suite 103 #1074
       Rochester, New York 14606
       Email: mal@mskimlaw.com