UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JOSEPH WARN, JR.,

                                    Plaintiff,

        -against-

HERKIMER COUNTY, MICHAEL SCALISE, both
individually and in his official capacity as Director
of The Herkimer County Probation Department;
BIANCA CASTELLANO, both individually and in
his official capacity,

                                    Defendants.

_____

**ANSWER TO FIRST AMENDED**
**COMPLAINT**
Civil Case No.: 6:25-cv-00543
                        (ECC/ML)

        Defendants, Herkimer County, Michael Scalise, and Bianca Castellano, by and through

their attorneys, Murphy Burns Groudine LLP, as and for their Answer to plaintiff's First Amended

Complaint state as follows:

        1.      Deny the allegations contained in paragraphs "1," "12," "13," "14," "18," "20,"

"23," "24," "25," "27," "28," "29," "30," "31," "32," "33," "34," "35," "36," "37," "38," "39,"

"40," "41," "43," "44," "45," "46," "47," "49," "51," "53," "55," "56," "57," "59," "60," "61,"

"63" and "65" of plaintiff's First Amended Complaint and refer all questions of law to the Court.

        2.      Deny the allegations contained in paragraphs "2," "3," "4," "7," "8," "9," "10" and

"48" of plaintiff's First Amended Complaint and refer all questions of law to the Court.

        3.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraphs "6," "11," "16," "21," "22," "26," "42," "52," "62," "66," "67"

and "68" of plaintiff's First Amended Complaint.

        4.      Admit the allegations contained in paragraphs "19," "58" and "64" of plaintiff's

First Amended Complaint.

        5.      Paragraph "5" of plaintiff's First Amended Complaint requires no response.

6.     Deny the allegations contained in paragraph "15" of plaintiff's First Amended Complaint except admit that Montgomery County had jurisdiction over the plaintiff's case between October 28, 2021 and February 2, 2022.  The case was transferred to Herkimer County on February 2, 2022.

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of plaintiff's First Amended Complaint except deny plaintiff was convicted of a "moving violation."

8.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of plaintiff's First Amended Complaint except admit that plaintiff was denied a transfer to North Carolina based upon the requirements of the Interstate Compact for Adult Offender Supervision.

9.     Deny the allegations contained in paragraph "54" of plaintiff's First Amended Complaint except admit that plaintiff was issued a Notice of Violation of Probation dated May 23, 2022.

### AS TO THE FIRST CLAIM FOR RELIEF

10.     As to the allegations contained in paragraph "69" of plaintiff's First Amended Complaint, defendants repeat, reiterate, and re-allege paragraphs "1" through "9" above as if fully set forth herein.

11.     Deny the allegations contained in paragraphs "70," "71" and "72" of plaintiff's First Amended Complaint and refer all questions of law to the Court.

12.     Deny the allegations contained in paragraph "73" of the plaintiff's First Amended Complaint.

## AS TO THE SECOND CLAIM FOR RELIEF

13.    As to the allegations contained in paragraph "74" of plaintiff's First Amended Complaint, defendants repeat, reiterate, and re-allege paragraphs "1" through "12" above as if fully set forth herein.

14.    Deny the allegations contained in paragraphs "75" and "78" of plaintiff's First Amended Complaint and refer all questions of law to the Court.

15.    Deny the allegations contained in paragraphs "76" and "77" of the plaintiff's First Amended Complaint.

## AS TO THE THIRD CLAIM FOR RELIEF

16.    As to the allegations contained in paragraph "79" of plaintiff's First Amended Complaint, defendants repeat, reiterate, and re-allege paragraphs "1" through "15" above as if fully set forth herein.

17.    Deny the allegations contained in paragraphs "80," "81" and "82" of plaintiff's First Amended Complaint and refer all questions of law to the Court.

18.    Deny the allegations contained in paragraph "83" of the plaintiff's First Amended Complaint.

## AS TO THE FOURTH CLAIM FOR RELIEF

19.    As to the allegations contained in paragraph "84" of plaintiff's First Amended Complaint, defendants repeat, reiterate, and re-allege paragraphs "1" through "18" above as if fully set forth herein.

20.    Deny the allegations contained in paragraph "85" of the plaintiff's First Amended Complaint.

## AS TO THE FIFTH CLAIM FOR RELIEF

21.    As to the allegations contained in paragraph "86" of plaintiff's First Amended Complaint, defendants repeat, reiterate, and re-allege paragraphs "1" through "20" above as if fully set forth herein.

22.    Deny the allegations contained in paragraph "87" of plaintiff's First Amended Complaint and refer all questions of law to the Court.

23.    Deny the allegations contained in paragraphs "88" of the plaintiff's First Amended Complaint.

## AS TO THE SIXTH CLAIM FOR RELIEF

24.    As to the allegations contained in paragraph "89" of plaintiff's First Amended Complaint, defendants repeat, reiterate, and re-allege paragraphs "1" through "23" above as if fully set forth herein.

25.    Deny the allegations contained in paragraphs "90," "91" and "93" of the plaintiff's First Amended Complaint.

26.    Deny the allegations contained in paragraph "92" of plaintiff's First Amended Complaint and refer all questions of law to the Court.

27.    Deny the allegations not previously admitted or qualified.

28.    Deny that plaintiff is entitled to the relief sought in the paragraph beginning with the word "**WHEREFORE**" including subparagraphs "A," "B," "C," "D," "E," and "F," or to any relief whatsoever.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29.    Whatever damages plaintiff may have sustained were caused in whole or in part, or were contributed by, the culpable conduct and/or want of care on the part of the plaintiff, or by someone over whom the answering defendants had no control.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30.    The Court lacks jurisdiction over the answering defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31.    The claims set forth in the plaintiff's First Amended Complaint are barred by the applicable statute of limitations, more specifically, General Municipal Law §50-i.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32.    The plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

33.    The injuries, losses and damages and occurrences alleged in the plaintiff's First Amended Complaint were the result of an independent and intervening cause or causes over which the answering defendants had no control or right of control and in no way participated.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

34.    The plaintiff has failed to mitigate his damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

35.    The plaintiff is not entitled to recover the punitive damages demanded in his Amended Complaint as the awarding of same would be in violation of the defendants' rights under the Constitution of the United States of America and under the Constitution of the State of New York and more particularly, but not exclusively, in violation of defendants' right to substantive and procedural due process.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

36.    At those times mentioned and described in the plaintiff's First Amended Complaint, the defendants acted in a reasonable manner, with probable cause, in good faith, without malice and their actions were justified.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

37.     The defendants did not participate, engage, or assist in any act or conduct which could form the basis for an award of punitive damages and punitive damages are, therefore, no recoverable to any extent against the defendants.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

38.     By reason of the foregoing, the defendants are entitled to qualified immunity from the prosecution of this action.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

39.     That at those times mentioned and described in the plaintiff's First Amended Complaint, the defendants were governmental officials performing discretionary functions and their conduct did not violate clearly established statutory or constitutional rights of which a reasonable man/woman would or should have known and that by reason thereof, they were qualifiedly immune from liability in this action.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

40.     That the relative culpability of each party who is or may be liable for the damages alleged by plaintiff in this action should be determined in accordance with the decisional and statutory law of the State of New York, and the equitable share of each party's liability for contribution should be determined and apportioned in accordance with the relative culpability, if any, of each such party pursuant to Article 14 of the CPLR.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

41.     That the plaintiff is not entitled to the multiple recoveries demanded in his Prayer.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

42.     The defendants reserve the right to claim limitations of a liability provided pursuant to General Obligations Law §15-108 and Article 16 of the CPLR.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

43.     Each answering defendant is entitled to absolute or qualified immunity with respect to each claim in the plaintiff's First Amended Complaint.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

44.     Plaintiff failed to file a Notice of Claim or timely commence the State law claims against the answering defendants which alleged wrongful acts on behalf of individual County employees acting within the scope of their employment in violation of General Municipal Law §§50-e, 50-i, 50-j, and County Law §52.

**WHEREFORE**, defendants, Herkimer County, Michael Scalise, and Bianca Castellano, demand judgment dismissing plaintiff's First Amended Complaint herein, together with attorney's fees, costs, and disbursements of this action, and for such other and further relief as this Court deems just and appropriate.

Dated:  March 17, 2026.

MURPHY BURNS GROUDINE LLP

By: _____
Stephen M. Groudine, Esq.
Bar Roll No.: 516070
Attorneys for Defendants Herkimer County,
Michael Scalise, and Bianca Castellano
407 Albany Shaker Road, Suite 201
Loudonville, New York 12211
Telephone: (518) 690-0096
Email:  sgroudine@mbglawny.com

TO:    M.S. KIM LAW
Attn:  Malcolm Kim, Esq.
Attorneys for Plaintiff
2269 Lyell Avenue, Suite 103, #1074
Rochester, New York 14606
Email:  mal@mskimlaw.com