## CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

Joseph Warn, Jr.


    **vs**                                         **Case No.**       6:25-cv-543 (ECC/ML)

Herkimer County, et al.


_____

**IT IS HEREBY ORDERED** that, pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable MIROSLAV LOVRIC, United States Magistrate Judge, on April 20, 2026, at 11:00 AM. The Courtroom Deputy for Judge Lovric will provide counsel for the parties, and any unrepresented parties, with instructions on how to dial into his audio conference line for the Rule 16 conference.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21)** days before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1. **JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or before __8/1/26__ .

2. **AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be made on or before __8/1/26__ .

3. **DISCOVERY**: All discovery in this action shall be completed on or before __03/31/27__ . **(Discovery timetable is to be based on the complexity of the action)**

4. **MOTIONS:** All motions, including discovery motions, shall be made on or before __6/30/27__ . **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

5.    **EXPERT WITNESS DISCLOSURE**: Plaintiff's Expert Witness disclosure shall be exchanged on or before __12/31/26__ (at least 90 days before the close of discovery). Defendant's Expert Witness disclosure shall be exchanged on or before __02/15/27__ (at least 45 days before the close of discovery). Rebuttal Expert Witness Disclosure shall be exchanged on or before __3/1/27__ (at least 30 days before the close of discovery).

6.    **MANDATORY MEDIATION**: Mediation must be completed on or before __03/31/27__ .

7.    **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: The action will be ready to proceed to trial on or before __7/12/27__ . It is anticipated that the trial will take approximately __5__ days to complete. The parties request that the trial be held in __Syracuse__ , N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

8.    **Have the parties filed a Jury Demand?** __✓__(YES) _____(NO).

9.    **What is the basis of the Court's subject matter jurisdiction? If it is diversity jurisdiction under 28 USC § 1332(a), does the complaint allege the citizenship of each party, including the citizenship of all members of any LLC or partnership? See 250 Lake Avenue Associates, LLC v. Erie Insurance Co., 281 F. Supp 3d 335, 341 (W.D.N.Y. 2017) ("[A]n LLC has the citizenship of each of its members for diversity jurisdiction purposes.")**
     __Federal question__

10.   **Are the parties subject to the Court's jurisdiction? Have all parties been served?**
      __yes, yes.__

11.   **What are the factual and legal bases for Plaintiff's claims and Defendant's defenses (including counterclaims and crossclaims, if applicable)?**
      Plaintiff claims he was discriminated against by the defendants. The defendants deny all of plaintiff's claims and maintain qualified immunity applies.

12. **What factual and legal issues are genuinely in dispute?**

Whether the defendants discriminated against plaintiff, the application of qualified immunity, and the facts alleged by plaintiff in the Amended Complaint.

13. **Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**

Unknown at this time.

14. **What specific relief do the parties seek? What are the damages sought?**

Plaintiff seeks monetary damages and defendants seek dismissal.

15. **DISCOVERY PLAN**

   A. **Mandatory Disclosures**

   The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

   B. **Subjects of Disclosure**

   The parties jointly agree that discovery will be needed to address the following subjects:

   The facts as alleged in the plaintiffs Amended Complaint.

   C. **Discovery Sequence**

   Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

   Written discovery then the depositions of plaintiff, the defendants, and non-parties as required.

D. **Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, that areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

Discovery demands will be served after the Rule 16 conference. They will cover the facts + circumstances alleged in the Amended Complaint. It is not anticipated that any party will exceed the number of interrogatories permitted under Rule 33.

E. **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

Plaintiff, both defendants, and potentially non-parties. They will be taken virtually or in-person within the Northern District of New York.

F. **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

Unknown at this time.

G. **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

Any electronically stored information ("ESI") shall be produced with a Bates number in the filename and in native format, or in a reasonably usable, searchable, and manipulable form readable by off-the-shelf software. ESI production shall include all reasonably accessible metadata, including author, custodian, creation date, modification date, sent date, and/or recipients, where applicable. If compliance with these terms is not feasible, the parties shall confer.

H. **Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

_None are anticipated at this time._

I. **Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

_None at this time._

16. **Is it possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means or presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**

_Unknown at this time._

17. **Are there any related cases pending before the Judges of this Court?**

_No._

18. **In Class Actions, when and how will the class be certified?**

_N/A_

19. **What are the prospects for settlement?  Please check below the prospect for settlement:**

1 _____ 2 _____ 3 _____ 4 _____ 5 _____ 6 _____ 7 _____ 8 _____ 9 _____ 10 _____
(Very unlikely →     →     →     →     →     →     Likely)

A. Settlement cannot be evaluated prior to _Close of discovery_ (Date).

B.  How can settlement efforts be assisted?

_unknown at this time_

_(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)_

**Complete Question 19 only if your filing order Cover Sheet was checked as an ADR Track case – *Subject to Mandatory Mediation under General Order #47.***

20.  **If your case was selected as a qualifying mandatory mediation case, confirm that you have:**

A.  Reviewed General Order #47                           Yes ✓ No ___

B.  Reviewed the List of Court Approved            Yes ✓ No ___
Mediators available on the NDNY website?

C.  Prepared to discuss with the Court, at the      Yes ✓ No ___
conference, whether your case should be
opted out of the program?

D.  Discussed the time frame needed to              Yes ✓ No ___
complete Mandatory Mediation?

Pursuant to Fed. R. Civ. P. 25(f), a meeting was held on   04/13/2026
and was attended by:                                                      (Date)

_____ for plaintiff(s)

_____ for defendant(s) _Herkimer County, Scalise, and Castellano_

_____ for defendant(s) _____

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.***